UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO BANK, N.A.,

       Plaintiff,                          Hon. Janet T. Neff

v.                                          Case No. 1:15 CV 784

DELOIS BARTLEY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on <u>Plaintiff's Motion to Remand for Lack of Jurisdiction</u>. (Dkt. #9). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted** and this matter **remanded** to state court.

## BACKGROUND

        On July 14, 2015, Plaintiff Wells Fargo initiated in state court a civil action against Defendant Delois Bartley to "recover possession of property." (Dkt. #9 at PageID.39). Specifically, Wells Fargo sought to obtain the lawful eviction of Bartley from property which Wells Fargo purchased in foreclosure. (Dkt. #9 at PageID.31-38). A hearing in the matter was scheduled to take place in state court on July 31, 2015. (Dkt. #9 at PageID.38). Prior to this hearing, however, Bartley removed the matter to this Court. (Dkt. #1). Wells Fargo now moves to remand this matter to state court on the ground that this Court lacks subject matter jurisdiction over its claims or cause of action. Bartley has failed to respond to the present motion.

## ANALYSIS

Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States" as well as actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §§ 1331, 1332. Any civil action asserted in a state court over which a federal district court has original jurisdiction, "may be removed by the defendant. . .to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendant Bartley, as the party seeking removal, "bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).

It is not clear whether the parties to this action are citizens of different states. Regardless, removal on the basis of diversity jurisdiction is not proper as Defendant Bartley is a Michigan citizen. *See* 28 U.S.C. § 1441(b)(2) (removal based on diversity jurisdiction is not permitted if any defendant "is a citizen of the State in which such action is brought"). Thus, removal of this action to this Court is proper only if the claims asserted in Plaintiff's well-pleaded complaint arise under federal law.

A claim arises under federal law if: (1) the cause of action is "created by federal law" or (2) if it is a state law claim which "implicate[s] significant federal issues." *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2012). Plaintiff's foreclosure/eviction action is neither created by federal law nor implicates significant federal issues. *See, e.g., Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 912-15 (6th Cir. 2007) (there exists no basis for removing state law foreclosure action to federal court); *Better Homes Depot, Inc. v. Weaver*, 2010 WL 2977447 at *1-2 (E.D.N.Y., July 21, 2010) (same). Because this Court cannot exercise subject matter jurisdiction over Plaintiff's state law claim, this matter must be remanded to state court. *See* 28 U.S.C. § 1447(c) ("[i]f

at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Remand for Lack of Jurisdiction, (Dkt. #9), be **granted** and this matter **remanded** to state court.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 7, 2016     /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge